# EXHIBIT B

2/11/2026 12:40 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 111129564
By: Jonathan Vela
Filed: 2/11/2026 12:40 PM

CAUSE NO. _____

| | | |
|---|---|---|
| JOEL ISIDORO, INDIVIDUALLY, AND AS THE REPRESENTATIVE OF THE ESTATE OF ROSA AGUILAR, DECEASED, *Plaintiffs,* | § § § § § § § § § § | IN THE DISTRICT COURT OF |
| v. | § § | HARRIS COUNTY, TEXAS |
| LYFT, INC., AND JOHN DOE, *Defendants.* | § § | _____ JUDICIAL DISTRICT |

---

## PLAINTIFFS' ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **Joel Isidoro**, Individually, and as Personal Representative of the Estate of **Rosa Aguilar, Deceased**, and on behalf of all statutory wrongful-death beneficiaries (collectively "Plaintiffs"), complaining of **Lyft, Inc.** and **John Doe** (collectively "Defendants"), and for cause of action would respectfully show:

### NATURE OF ACTION

1.      This is a wrongful death and survival action arising from the negligence and gross negligence of Defendants that resulted in the death of Rosa Aguilar.

### DISCOVERY CONTROL PLAN

2.      Plaintiffs request that this case be governed by Discovery Control Plan Level 2, pursuant to Texas Rule of Civil Procedure 190.3.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over Defendants because one or more Defendants is a resident of Texas. Venue is proper in this Court because all or a substantial part of the events or

Unofficial Copy Office of Marilyn Burgess District Clerk

omissions giving rise to the claims made the basis of this lawsuit occurred in Harris County, Texas. Tex. Civ. Prac. & Rem. Code § 15.002(a).

## PARTIES

4.      **PLAINTIFF JOEL ISIDORO** is an individual resident of Texas and the surviving spouse of Rosa Aguilar. He appears individually and as the Personal Representative of the Estate of Rosa Aguilar, Deceased.

5.      **DEFENDANT LYFT, INC.,** is a foreign for-profit corporation doing business in Texas. Defendant may be served through its Registered Agent, **C T CORPORATION SYSTEM, AT 1999 BRYAN STREET, SUITE 900, DALLAS, TEXAS 75201.**

6.      **DEFENDANT JOHN DOE** is an individual believed to be residing in Harris County, Texas. At the time of the incident underlying this lawsuit, **DEFENDANT JOHN DOE** is believed to be a Lyft driver who dropped the decedent off at her home, while acting within the course and scope as a driver for Lyft. At the time of filing, Plaintiff is unaware of the actual name of this employee. Plaintiff will amend his petition to correct the name of **DEFENDANT JOHN DOE** once his identity is revealed through discovery with Defendants.

## MISNOMER/ MISIDENTIFICATION/ ALTEREGO

7.      To the extent any Defendant is incorrectly named or omitted, Plaintiffs allege such errors constitute misnomer or misidentification and that such entities were alter egos or otherwise legally responsible for the conduct alleged herein.

## ACTS OF AGENCY

8.      At all times material, Defendants' acts were committed by their officers, agents, servants, employees, and/or contractors while acting within the course and scope of their authority and employment.

Unofficial Copy Office of Marilyn Burgess District Clerk

## FACTUAL BACKGROUND

9.      This lawsuit arises from fatal injuries sustained by Rosa Aguilar on or about July 3, 2025.

10.      On that date, Mrs. Aguilar, a dialysis patient with significant mobility limitations and visual impairment, was transported home using a ride arranged through the Lyft rideshare platform.

11.      Defendant John Doe was the Lyft driver assigned to the ride.

12.      Upon arrival at Mrs. Aguilar's residence, the driver parked in the driveway. Mrs. Aguilar remained seated in the vehicle waiting for assistance to exit the vehicle because she required physical support to do so safely.

13.      The driver knew or should have known Mrs. Aguilar required assistance. Despite this, Defendant John Doe became impatient, rushed and pressured her to exit the vehicle without assistance so that he could proceed to another ride.

14.      Due to John Doe's insistence, Mrs. Aguilar attempted to exit unassisted, lost her footing, and fell violently to the ground.

15.      The fall caused catastrophic injuries including, but not limited to a femur fracture, thoracic fracture, and other serious bodily injuries.

16.      As a result of her injuries, Mrs. Aguilar had surgery to repair the fracture and transferred to a nursing facility to recover and became largely immobile.

17.      The Decedent, Mrs. Aguilar's condition progressively worsened, and she ultimately died on August 18, 2025, from complications of the traumatic injuries caused by the July 3, 2025 incident.

18.      Defendants' negligent, negligent *per se*, and grossly negligent acts and omissions were a proximate cause of Mrs. Aguilar's injuries and death.

## CAUSES OF ACTION

**A.    NEGLIGENCE—DEFENDANT JOHN DOE.**

19.    Plaintiffs incorporate all preceding paragraphs.

20.    Defendant John Doe owed Mrs. Aguilar a duty to exercise ordinary care in the transport of a passenger and in permitting her to safely exit the vehicle.

21.    Defendant John Doe breached that duty by, among other acts and omissions:

a.    rushing a mobility-impaired passenger to exit;

b.    failing to allow reasonable time for assistance;

c.    failing to assist or ensure a safe exit;

d.    failing to maintain a proper lookout for passenger safety;

e.    prioritizing ride turnover over passenger safety; and

f.    other acts deemed negligent.

22.    Such negligence was a proximate cause of Decedent's injuries and death.

**B.    NEGLIGENCE—LYFT, INC.**

23.    Plaintiffs incorporate all preceding paragraphs.

24.    Upon information and belief, at all times material to this lawsuit, John Doe was an employee, agent, servant, and/or independent contractor of Defendant Lyft, Inc. and was acting within the course and scope of his employment at the time of the collision.

25.    Consequently, Defendant Lyft, Inc. is vicariously liable to Plaintiffs for the negligence and/or gross negligent conduct of Defendant John Doe to the extent he was an employee under Texas law.

26.    Defendants owed duties to provide proper training, supervision, and enforcement of safety protocols pertaining to their passengers.

27.    Defendants breached those duties by, including but not limited to:

a.  hiring and/or retaining John Doe whom it knew or should have known was a reckless and/or incompetent employee;

b.  negligent hiring, training, and supervision;

c.  failing to implement adequate passenger-safety policies;

d.  failing to train drivers regarding disabled or mobility-impaired riders;

e.  incentivizing rushed passenger unloading;

f.  retaining unsafe drivers;

g.  failing to monitor safety complaints; and

h.  other acts deemed negligent.

28.    These breaches were both the cause in fact and proximate cause of Plaintiffs' injuries and damages alleged herein.

## C.    GROSS NEGLIGENCE.

29.    Plaintiffs incorporate all preceding paragraphs.

30.    Plaintiffs further allege that Defendants acted knowingly and/or recklessly, committing gross negligence.  Accordingly, Plaintiffs are entitled to and seek exemplary damages.

31.    Plaintiffs are entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent.  Defendants acted with flagrant and malicious disregard of Decedent's health and safety and for the health and safety of others.  Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Decedent and others.  risk ands had actual, subjective awareness of the risk, and consciously disregarded such risk.

## D.    WRONGFUL DEATH AND SURVIVAL ACTION

32.    Plaintiffs incorporate all preceding paragraphs.

33.    Pursuant to TEX. CIV. PRAC. & REM. CODE §§ 71.002 and 71.021, Decedent is

survived by her spouse, Joel Isidoro. There is no necessity for administration of the estate. Plaintiff is a statutory beneficiary entitled to maintain these claims.

34.    As Decedent's heir at law, Plaintiff is entitled to maintain a Survival Action under §71.021. Defendant Lyft's failures include but are not limited to:

**DAMAGES**

35.    As a result of said occurrences, Decedent suffered severe physical pain, mental anguish, and emotional distress before her death.  Plaintiff Joel Isidoro lost his beloved wife.

36.    Pursuant to Pursuant to C.P.R.C. § 71.002, Plaintiffs pleads for pecuniary damages against Defendants as follows:

a.  Pecuniary loss sustained in the past, meaning the loss of care, maintenance, support, services, advice, counsel and reasonable contributions of pecuniary value, excluding loss of inheritance, Plaintiffs in reasonable probability, would have received from Decedent;

b.  Pecuniary loss that, in reasonable probability, Plaintiffs will sustain in the future;

c.  Loss of companionship and society sustained by Plaintiffs in the past. That is, the loss of the positive benefits flowing from the love, comfort, companionship and society that Plaintiffs in reasonable probability, would have received from Decedent had he lived;

d.  Loss of companionship and society that, in reasonable probability, Plaintiffs will sustain in the future;

e.  Mental anguish sustained in the past by Plaintiffs, meaning the emotional pain, torment and suffering experienced by Plaintiffs because of the death of their son, the Decedent;

f.  Mental anguish that, in all reasonable probability, Plaintiffs will sustain in the future;

g.  All reasonable and necessary funeral and burial expenses of the decedent; and

h.  All other damages available to Plaintiffs under Texas law.

Unofficial Copy Office of Marilyn Burgess District Clerk

37.    Pursuant to C.P.R.C. § 71.009, Plaintiffs plead for exemplary damages because the death of Decedent was caused by willful acts or omissions of the Defendants, or alternatively Defendants' gross negligence.

38.    Pursuant to C.P.R.C. § 71.021, Plaintiffs pleads for personal injury damages suffered by Rosa Aguilar before her tragic death as follows:

    a.    Pain and mental anguish; and

    b.    Funeral and burial expenses

39.    Plaintiffs have been damaged in a sum far in excess of the minimum jurisdictional limits of this Court, for which she now sues.

40.    Plaintiffs seek unliquidated damages in an amount that is within the jurisdictional limits of the court.  Plaintiffs seek monetary relief in excess of $1,000,000 in damages and relief of any kind including penalties, costs, expenses, prejudgment interest, and attorney's fees.

## PLAINTIFFS'S T.R.C.P. 193.7 NOTICE OF
## SELF-AUTHENTICATION OF DOCUMENTS

41.    Notice is hereby served, that pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, all documents, materials, photographs, or discovery materials produced by Defendants are self-authenticated for use by Plaintiffs against Defendants and Plaintiffs reserves the right to rely on the authenticity of and to use any of such documents in any pretrial proceeding or at trial in the above entitled and numbered case.

## JURY DEMAND

42.    Plaintiffs hereby demand a jury trial and have tendered the appropriate fee with this Petition.

## CAPS ON PUNITIVE DAMAGES ARE UNCONSTITUITIONAL

43.     Plaintiffs will further show the limitations and caps on punitive and/or exemplary damages under TEX. CIV. PRAC. & REM CODE § 41.008 are unconstitutional and violate the 5th and 14th Amendments, and the "due process clauses," "equal protection and open courts" provisions, Federal and Texas Constitution in that said caps are unreasonable, arbitrary, capricious and frustrate the purpose of exemplary damages awards as well as violate the province of the jury, in its discretion, to assess the appropriate amount of exemplary damages that are appropriate in this case.

## PRAYER FOR RELIEF

For these reasons, Plaintiffs respectfully pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that each Defendant appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendants jointly and severally in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interest, all costs of Court, attorneys' fees, punitive damages, and all such other and further relief, to which they may show themselves justly entitled.  Plaintiffs seek monetary relief over $1,000,000.

Respectfully submitted,

**JOHNSON GARCIA LLP**

By:  /s/ *Juan C. Garcia*
     Juan C. Garcia (SBN 24045914)
     Samantha M.B. Demuren (SBN 24103756)
     Brandon C. Francis (SBN 24107074)
     7324 Southwest Fwy, Suite 545
     Houston, Texas 77074
     Telephone: (832) 844-6700
     Facsimile:(832) 844-6868
     E-mail: juan@johnsongarcialaw.com
     E-mail: samantha@johnsongarcialaw.com
     E-mail: brandon@johnsongarcialaw.com

**ATTORNEYS FOR PLAINTIFFS**

Unofficial Copy Office of Marilyn Burgess District Clerk

2/16/2026 2:51 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 111303633
By: Shannon North-Gonzalez
Filed: 2/16/2026 2:51 PM

## CAUSE NO. 2026-09341

| | | |
|---|---|---|
| JOEL ISODORO (INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF ROSA AGUILAR, DECEASED) **PLAINTIFF** | §<br>§<br>§<br>§<br>§ | IN THE 234TH DISTRICT COURT |
| VS. | §<br>§ | HARRIS COUNTY, TEXAS |
| LYFT INC., ET AL **DEFENDANT** | §<br>§<br>§<br>§<br>§ | |

### RETURN OF SERVICE

**On Friday, February 13, 2026 AT 5:19 PM**, CITATION, PLAINTIFF'S ORIGINAL PETITION for service on LYFT INC (A FOREIGN FOR-PROFIT CORPORATION) C/O REGISTERED AGENT CT CORPORATION SYSTEM came to hand.

**On Monday, February 16, 2026 AT 2:26 PM, I, Tracy Dewayne Edwards, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** LYFT INC (A FOREIGN FOR-PROFIT CORPORATION) C/O REGISTERED AGENT CT CORPORATION SYSTEM, by delivering to Intake Specialist: Alaster Johnson, 1999 BRYAN STREET STE. 900, DALLAS, DALLAS COUNTY, TX 75201.

My name is Tracy Dewayne Edwards. My e-mail address is info@easy-serve.com. I am at least 18 years old. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, Texas on Monday, February 16, 2026.

*Tracy Dewayne Edwards*

Tracy Dewayne Edwards
1201 Louisiana St Ste 370
Houston, TX 77002

JBCC Registration# PSC-1872 expires March 31, 2026

Unofficial Copy Office of Marilyn Burgess District Clerk

Rosa Aguilar

Doc ID: 346883_1

CAUSE NO. 202609341

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 1057654

TRACKING NO: 74610083

| Plaintiff: | In The 234th |
| ISODORO, JOEL (INDIVIDUALLY AND AS THE REPRESENTATIVE OF | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| LYFT INC | Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

**To:   LYFT INC (A FOREIGN FOR-PROFIT CORPORATION)**
**MAY BE SERVED BY SERVING ITS REGISTERED AGENT C T CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900, DALLAS TX 75201**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on February 11, 2026 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.**   You may employ an attorney.   If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.   In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.   These disclosures generally must be made no later than 30 days after you file your answer with the clerk.   Find out more at TexasLawHelp.org.

This citation was issued on February 11, 2026, under my hand and seal of said court.

Issued at the request of:

GARCIA, JUAN C.
7324 SOUTHWEST FRWY, SUITE 545

HOUSTON, TX  77074
832-844-6700
Bar Number: 24045914

*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201  CAROLINE     Houston   Texas
77002
(PO  Box  4651,  Houston,  Texas
77210)

Generated By:JONATHAN VELA

Unofficial Copy Office of Marilyn Burgess District Clerk

3/4/2026 12:27 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 111990340
By: Rosa Carrizales
Filed: 3/4/2026 12:27 PM

## CAUSE NO. 2026-09341

| | | |
|---|---|---|
| **JOEL ISIDORO, INDIVIDUALLY,** | § | **IN THE DISTRICT COURT OF** |
| **AND AS THE REPRESENTATIVE OF** | § | |
| **THE ESTATE OF ROSA AGUILAR,** | § | |
| **DECEASED** | § | |
| *Plaintiffs* | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **v.** | § | |
| | § | |
| **LYFT, INC., AND JOHN DOE** | § | |
| *DEFENDANTS* | § | **234ᵀᴴ JUDICIAL DISTRICT** |

## DEFENDANT LYFT, INC.'S ORIGINAL ANSWER

Defendant Lyft, Inc. ("Lyft") files its Original Answer.

### GENERAL DENIAL

1. Lyft generally denies all the material allegations contained in Plaintiffs' active petition ("Plaintiffs' Petition") including any supplements or amendments thereto, and demands strict proof thereof as permitted by Rule 92 of the Texas Rules of Civil Procedure.

### OTHER DEFENSES AND ASSERTIONS

2. Lyft specifically denies it hired, controlled, or employed Defendant John Doe. At the time of the incident, Defendant John Doe was an independent contractor who used the Lyft application, website and technology platform (collectively, the "platform") to connect with other platform users like Plaintiff looking for a ride pursuant to Lyft's Terms of Service. *See* TEX. OCC. CODE § 2402.114. Further, Lyft did not own, control, maintain, manage, repair or entrust the vehicle involved in the incident in issue.

3.

172125687.1

DEFENDANT LYFT, INC.'S ORIGINAL ANSWER                                          PAGE 1

4.     Lyft also specifically denies Plaintiffs' direct negligence claims of negligent hiring, negligent training, and negligent supervision because Defendant John Doe was an independent contractor at the time of the subject accident and, as a matter of Texas statutory law, Lyft is not deemed to "control" him/her. TEX. INS. CODE § 1954.102.

5.     Lyft invokes and reserves the right to assert any and all rights and defenses as provided in Lyft's Terms of Service, to which Plaintiff consented in order to use the Lyft platform.  Such rights include but are not limited to the right to compel arbitration of Plaintiff's claims against Lyft in accordance with the Federal Arbitration Act.

6.     Lyft also specifically denies that it and Defendant John Doe engaged in a joint enterprise, agency, or concert of action.  That allegation directly conflicts with, and is foreclosed by, the comprehensive statutory scheme governing TNCs in Texas. Moreover, Defendant John Doe and Lyft never entered into an express or implied agreement for a joint venture, joint enterprise, agency, or concert of action.  Indeed, the written agreement between Defendant John Doe and Lyft is explicitly to the contrary. Additionally, Lyft and Defendant John Doe never shared a common purpose, a community of pecuniary interest, or an equal right to direct and control any enterprise.

7.     Lyft affirmatively pleads Chapter 33 of the Texas Civil Practice & Remedies Code.  If Lyft is found to be liable in this case, although Lyft specifically denies any such liability, then Lyft requests that the trier of fact determine the percentage of responsibility, to the extent, each defendant, each settling person, or each responsible third party is found responsible and/or liable for the  injuries or occurrence asserted by Plaintiffs in this suit, pursuant to Section 33.003 of the Texas Civil Practice & Remedies Code.

8.      Though Lyft denies liability, should the trier of fact determine that Lyft is a liable defendant, then Lyft  would be liable only for the percentage of damages found by the trier of fact equal to Lyft's percentage of responsibility with respect to the damages allowed, pursuant to Section 33.013 of the Texas Civil Practice & Remedies Code. Lyft also reserves the right to receive a reduction in the sum of all damages by the sum of all the dollar amounts of all settlements, pursuant to Section 33.012(b) of the Texas Civil Practice and Remedies Code or any other applicable statute or common law.

9.      Any injuries or damages to Plaintiffs, if any, were proximately caused by the negligence, recklessness, or intentional conduct of Plaintiffs in that they failed to exercise ordinary care under the circumstances present prior to the alleged subject incident.  In the event Plaintiffs' percentage of responsibility is determined to be 51% or more, Plaintiff's recovery shall be barred in total pursuant to Section 33.001 of the Texas Civil Practice & Remedies Code.  If Plaintiffs are not barred from recovery, the court shall reduce the amount of damages to be recovered by a percentage equal to the Plaintiffs' percentage of responsibility, pursuant to Section 33.002(a) of the Texas Civil Practice & Remedies Code.

10.     The incident described in Plaintiffs' Petition, and all resulting damage and injury, if any, were the result of unavoidable consequences as far as Lyft is concerned.

11.     No act or omission of Lyft was a factor, whether substantial or otherwise, in causing the incident or injury alleged in the Plaintiffs' Petition, if any.  Additionally, no act and/or omission of Lyft contributed, in any manner, to the incident or injury alleged in the Plaintiffs' Petition, if any.  Finally, any alleged acts and/or omissions on the part of Lyft were superseded by the acts and/or omissions of other persons or entities, which acts

and omissions were the independent, superseding and intervening cause of the incident and injury described in the Plaintiffs' Petition.

12.     Plaintiffs' alleged damages, at least in part, were caused by conditions that existed before the subject accident, and they were not aggravated by the subject accident. If there is evidence that a plaintiff was suffering from prior physical infirmities, damages can only be awarded only to the extent, if any, that the prior physical infirmities were aggravated by Defendants' acts or omissions. Lyft asserts that Plaintiffs' alleged medical condition and/or injuries have been affected by either previous or subsequent accidents, injuries, or medical conditions for which Lyft has no responsibility.

13.     Lyft alleges that Plaintiffs have failed to mitigate their damages, and that said failure to mitigate has proximately caused or contributed to the injuries, medical conditions, and/or damages alleged in the Petition, including but not limited to surgical, wound care, and psychological intervention, increased intangible damages such as pain and suffering, mental anguish,  as well as procurement of gainful employment, following the subject accident. Therefore, the amount of damages to which Plaintiffs are entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated.

14.     Pursuant to Section 41.0105 of the Texas Civil Practice & Remedies Code, recovery of medical expenses is limited to the amount actually paid or incurred by or on behalf of the claimant.  Plaintiffs should not be allowed to submit any medical bills in excess of the "actually paid or incurred" amounts.

15.     Pleading further and in the alternative, Lyft invokes the provisions of Texas Civil Practice & Remedies Code § 18.091 that requires proof of loss of earnings, loss of

earning capacity, loss of contribution of pecuniary value and other losses be presented in the form of a net loss after reduction for federal income tax liability.

16.     Lyft invokes all limitations on exemplary or punitive damages and prejudgment interest including those stated in Chapter 41 of the Texas Civil Practice & Remedies Code, the Texas Constitution, the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.  Plaintiffs may not be awarded exemplary damages unless they establish by clear and convincing evidence that Lyft acted with fraud, malice, or gross negligence, which Lyft denies.  TEX. CIV. PRAC. & REM. CODE § 41.003.  Lyft further requests that, to the extent this matter is not arbitrated, the jury be instructed as required by Texas Civil Practice & Remedies Code § 41.012 with respect to any claim for exemplary damages, assuming such a claim should be submitted to the jury, which Lyft denies, and that prejudgment interest may not be assessed or recovered on any award of punitive damages.  TEX. CIV. PRAC. & REM. CODE §§ 41.003 (d) and (e), and 41.007.  In the unlikely event it is found liable for exemplary damages, Lyft invokes the damages cap found in Chapter 41 of the Texas Civil Practice and Remedies Code.

17.     Lyft further asserts that the calculation of post-judgment interest is governed by Section 304.003(c) of the Texas Finance Code.

18.     Further, Lyft asserts that pre-judgment interest is disallowed on future damages, pursuant to Section 304.1045 of the Texas Finance Code.

19.     Lyft is not liable to Plaintiffs because Plaintiffs' claim for negligence is barred by the two-year statute of limitations in Texas Civil Practice & Remedies Code section 16.003(a).

20.     Lyft presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unknown, affirmative defenses.

Accordingly, Lyft reserves the right herein to assert additional affirmative defenses in the event discovery indicates same would be appropriate.

**REQUEST FOR RELIEF**

While specifically preserving its right to arbitration, Lyft requests that judgment be entered in its favor denying Plaintiffs any relief, and awarding Lyft such other and further relief, general or special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

_/ s / Joelle G. Nelson_
**JOELLE G. NELSON**
Texas Bar No.: 24032501
**STEPHANIE DONAHO**
Texas Bar No.: 24055213
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: (713) 659-6767
Fax: (713) 759-6830
Joelle.Nelson@lewisbrisbois.com
Stephanie.Donaho@lewisbrisbois.com
**ATTORNEYS FOR DEFENDANT,
LYFT, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record pursuant to the Texas Rules of Civil Procedure on this the 4th day of March, 2026:

**_Counsel for Plaintiff:_**
Juan C. Garcia
Samantha M.B. Demuren
Brandon C. Francis
**JOHNSON GARCIA LLP**
7324 Southwest Fwy, Suite 545
Houston, Texas 77074
Phone: 832-844-6700
Fax: 832-844-6868

Email: juan@johnsongarcialaw.com
Email: samantha@johnsongarcialaw.com
Email: brandon@johnsongarcialaw.com

*/ s / Joelle G. Nelson*
JOELLE G. NELSON

172125687.1

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Fabiola Roman  on behalf of Stephanie Donaho
Bar No. 24055213
Fabiola.Roman@lewisbrisbois.com
Envelope ID: 111990340
Filing Code Description: Answer/ Response / Waiver
Filing Description:
Status as of 3/4/2026 3:52 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brandon  Francis | | brandon@johnsongarcialaw.com | 3/4/2026 12:27:18 PM | SENT |
| Samantha Derumen | | samantha@johnsongarcialaw.com | 3/4/2026 12:27:18 PM | SENT |
| Juan Garcia | | juan@johnsongarcialaw.com | 3/4/2026 12:27:18 PM | SENT |
| Stephanie Weiss | | stephanie.weiss@lewisbrisbois.com | 3/4/2026 12:27:18 PM | SENT |
| Joelle Nelson | | joelle.nelson@lewisbrisbois.com | 3/4/2026 12:27:18 PM | SENT |
| Fabiola Roman | | fabiola.roman@lewisbrisbois.com | 3/4/2026 12:27:18 PM | SENT |
| Stephanie Donaho | | stephanie.donaho@lewisbrisbois.com | 3/4/2026 12:27:18 PM | SENT |

[Z1B]



# 202609341 - ISODORO, JOEL (INDIVIDUALLY AND AS THE REPRESENTAT vs. LYFT INC (Court 234)

**Print All**  *(non-financial)*

**Chronological History**

| Summary | + |
|---|---|

| Images ⭐ | — |
|---|---|

\* Note: Not every case file in our library of records is available in electronic format. (A document may be filed in a case that is not viewable electronically.) Only **non-confidential** civil/criminal documents are available to the public. If a document in a case you are looking for is not available, please **click here** to notify Customer Service.

**Purchase Order**

🛒 ( 0 documents )

**Print List** 🖨

If you are not a litigant in this case, you may visit our Customer Service departments to obtain copies of documents. Confidential or Sealed documents may not be dispensed to public customers.

If you are a litigant that is a party of this case and would like access to the restricted documents, please click **here**.

[ Reset Sort ]



| Image No. | Type | Title | Post Jdgm | Date | Pages | Add Entire Case 🛒 |
|---|---|---|---|---|---|---|
| 📄 **125443475** | Filing | Defendant Lyft, Inc.'s Original Answer | | 03/04/2026 | 8 | Add to Basket 🛒 |
| 📄 **125153902** | Filing | Citation (Executed) LYFT INC | | 02/16/2026 | 2 | Add to Basket 🛒 |
| 📄 **125076352** | Filing | Plaintiffs Original Petition | | 02/11/2026 | 8 | Add to Basket 🛒 |

| Appeals | + |
|---|---|

| Cost Statements | + |
|---|---|

| Transfers | + |
|---|---|

| Post Trial Writs | + |
|---|---|

| Abstracts | + |
|---|---|

| Parties | + |
|---|---|

| Court Costs | + |
|---|---|

| Judgments/Events | + |
|---|---|

| Settings | + |
|---|---|

| Services/Notices | + |
|---|---|

| Court Registry | + |
|---|---|

| Child Support | + |
|---|---|